UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL STEVENSON,

      Plaintiff,

v.                                                                                        07-3108

DR. SCHOLZ,
R. ZIMMERMAN,
ROGER E. WALKER, JR.,
MELODY FORD,
DEBORAH FUQUA,
TARA GOINS,
VAN STRIEN

      Defendants.

### Case Management Order #1 (Merit Review)

The plaintiff, currently incarcerated in Western Illinois Correctional Center, filed this action regarding his lack of dental treatment. The court is required to conduct a merit review of the Complaint, to identify cognizable claims and dismiss those that are not. 28 U.S.C. §1915A.

The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

The plaintiff alleges that Dr. Scholz diagnosed the plaintiff with the gum disease known as gingivitis. Dr. Scholz told the plaintiff there was nothing he could do, and suggested to the plaintiff that he request a transfer to an IDOC prison with the capability to treat the plaintiff's condition. Plaintiff's requests for a transfer and his grievances seeking dental treatment were denied. He alleges all the non-medical defendants were deliberately indifferent to his inability to obtain dental treatment.[1]

---

[1] It appears from the attachments that the "treatment" the plaintiff seeks is a cleaning by a dental hygienist.

Under notice pleading standards, the court cannot rule out the possibility that the plaintiff has a serious dental need to which the defendants have been deliberately indifferent. It is true that the defendants who are not dental professionals are entitled to rely on Dr. Scholz's expertise, but the court cannot rule out the possibility that the plaintiff's needs are so obvious that even a layperson would recognize the need for treatment.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states a claim that the defendants were and continue to be deliberately indifferent to his serious medical needs (dental), in violation of his rights under the Eighth Amendment to the U.S. Constitution. The case proceeds solely on this claim, subject to Fed. R Civ. P. 15 (a).

2) The plaintiff's petition to proceed *in forma pauperis* is granted (d/e 1). A prepayment text order is directed to enter. No merit review hearing is necessary.

3) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

4) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

5) The plaintiff's motion for appointment of counsel is denied, with leave to renew (d/e 2). The plaintiff has not shown his efforts to secure counsel on his own. Further, the plaintiff appears competent to pursue his claim *pro se*, and, at this point the record does show sufficient factual merit to the plaintiff's allegations to suggest that appointed counsel would make a difference in the outcome.

Entered this <u>3rd</u> Day of <u>May</u>, 2007.

s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE