UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL STEVENSON,

    Plaintiff,

v.                                                   07-3108

DR. SCHOLZ,
R. ZIMMERMAN,
ROGER E. WALKER, JR.,
MELODY FORD,
DEBORAH FUQUA,
TARA GOINS,
VAN STRIEN

    Defendants.

## Case Management Order #2 (Deadlines)

All the defendants have been served and have filed their Answers. Accordingly, the status conference scheduled for August 14, 2007, was cancelled as unnecessary in lieu of this case management order.

    IT IS THEREFORE ORDERED:

1)     The unopposed motion for HIPAA order by Defendant Scholz is granted (d/e 22). The clerk is directed to affix the court's electronic signature to the proposed order and to enter the order.

2)     The plaintiff's second motion for appointment of counsel is denied (d/e 24). Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot require an attorney to accept appointment. *Luttrell*, 129 F.3d at 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes*, 64 F.3d at 288. "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request

counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

While the plaintiff has now shown his efforts to secure counsel on his own, the court still concludes that a request for counsel is not warranted on the current record. On the current record, Plaintiff appears competent to pursue his claim *pro se*. Though he cannot diagnose his own dental condition, he can testify personally to the symptoms and pain and to how his condition affects his daily life. Further, the court cannot conclude from this record that counsel might make a difference in the outcome of the case. The court needs more information on Plaintiff's condition and the defendants' response to it, much of which should be available to Plaintiff in his medical and dental records.

3) Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by October 1, 2007.

4) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by November 15, 2007.

5) Discovery closes January 31, 2008. The plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. *See* CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

6) Dispositive motions are due March 17, 2008.

Entered this 9th Day of August, 2007.

S\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE