E-FILED
Thursday, 27 December, 2007  04:42:54 PM
Clerk, U.S. District Court, ILCD

IN The United States District Court

Central District of Illinois

michael Stevenson }
    Plaintiff }
    v. }   No. 07-3108
Scholz et al }
    Defendants }

FILED

DEC 26 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## Plaintiff motion for Summary Judgment

Pursuant to rule 56, Fed. R. Civ. P., Plaintiff michael Stevenson request this Court to grant him Summary Judgmnt as to the liability of defendants for the denial to the Plaintiff serious medical needs. The reasons therefor are set forth in the Plaintiff's affidavit and brief in support of the motion.

michael Stevenson
N-93569
        , 2007

# Table of Contents                          Page

1) Motion for Summary Judgment . . . .          1

2) Declaration in Support of Summary
   Judgment . . . . .                          2 - 7

3) Points and Authorities . . . . .            8 - 10

4) Brief in Support of Summary Judgment . . .  11 - 19

5) Exhibits . . . .                            20 - 32

IN THE

United States District Court
Central District of Illinois

|  |  |  |
|---|---|---|
| Michael Stevenson | ) | |
| Plaintiff, | ) | Case No. 07-3108 |
| | ) | |
| v. | ) | |
| Scholz et al | ) | |
| Defendant | | |

## PROOF/CERTIFICATE OF SERVICE

TO: Theresa M. Powell

Suite 575, National Center
P.O. Box 1687
Springfield, IL 62705

TO:

Ellen C. Bruce
Illinois Attorney General Office
500 S. Sec. St.
Springfield, IL 62706

PLEASE TAKE NOTICE that on Aug. 28, 2007, I have placed the documents listed below in the institutional mail at Western Illinois Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _____

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: Aug. 28, 2007

/s/ Michael Stevenson
NAME: Michael Stevenson
IDOC#: N-93569
W.I.C.C. Correctional Center
R.R.# P.O. BOX 196
Mt. Sterling, IL 62353

20

E-FILED
Thursday, 27 December, 2007  04:43:29 PM
Clerk, U.S. District Court, ILCD

United States District court
Central District of Illinois

michael Stevenson          )
          Plaintiff         )
                            )
          v.                )      No. 07-3108
                            )
Scholz et al               )
          Defendants        )

FILED
DEC 2 6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Declaration in Support of Plaintiffs'
     motion for Summary Judgment

          michael Stevenson declares under Pen-
alty of Perjury:
          1. I am the Plaintiff in this case.
The complaint alledges that I was de-
nied necessary medical care in which
the defendants were deliberately indif-
ferent. I submit this declaration in
Support of my motion for Summary
Judgment on my claims of cruel and
unusual Punishment.
          2. I am an inmate at western
Illinois correctional center. On July 5,
2006, Aug. 6, 2006 and Sept. 3, 2006
I was denied Serious medical (Dental)
care as set forth in my complaint
at ¶¶ 1.

                                             2

3. As a result of the July 5, 2006 and Aug. 6, 2006 incident I filed grievances claiming my gums bleed, and swollen, and in pain, and requested that I receive some kind of treatment. A copy of the grievances are attached to this affidavit as Exhibit 1

4. The counselor, defendant Strien, interviewed the Health care administrator, defendant Fuqua, and the Dentist, defendant Scholz, on Oct. 5, 2006, concerning my medical grievance.

5. After the interview I received a written response from the counselor, defendant Strien, stating " D. Fuqua states that I/m was seen on 10-3-06. Cleanings (basis) are not performed at W.I.C.C. due to no dental hygienist. Dentist states no need for outside consult." and sent the grievance back to me unresolved. A copy of the response is attached to this affidavit as Exhibit 1

6. The usual procedure at the prison is to first attempt to resolve incidents, problems, and complaints through the coun-

3

selor. If an inmate is unable to re-solve an incident, problem or complaint through his counselor he may submit the grievance with the grievance officer for further review. I based this statement about grievance procedures on the griev-ance procedure outlined in the Illinois Department of correction inmate orienta-tion manual issued to inmates upon arrival. A copy of the procedure is attached to this affidavit as Exhibit 2.

7. I submitted my grievance to the grievance officer, defendant Goins, for further review. The facts reviewed by defendant Goins consisted soley on the written reports of the counselor, defendant Strien, and a brief summary of my grievance.

8. Based on the grievance officers', defendant Goins, recommendations my griev-ance was denied and the warden, defendant Zimmerman, concured. A copy of the ~~grievance and~~ recommendations are attached to this affidavit as Exhibit 3

9. I went back to the dentist upon my request and asked him to reconsider

4

given me treatment explaining to him that it has become difficult for me to eat, and that my gums are swollen, and that they bleed and that my teeth has begun to loosen, and he stated "That there was nothing he could do for me and that there was more emergent Problems then mines and suggested I ask for a transfer to a facility that could accommadate my needs. A copy of the medical records is attached to this affidavit as Exhibit 4

10. On Oct. 30, 2006, I was called to the Doctor Per my request and spoke to him about my dental Problems and he said he would ~~talk~~ talk to the dentist. The dentist, defendant Scholz was not availible to speak with so the doctor noted my dental Problems. A copy of the medical report is attached to this affidavit as Exhibit 5 and 6 Respectfully

11. Consistant with institutional Procedure I filed an administrative appeal with the administrative review board Pointing out that I'm being denied medical care. Administrative review board member, defendant Ford,

5

reviewed my grievance submitted for appeal review and recommended that my grievance be denied, Stating "that the issue was appropriatly addressed by the institutional administration." The Director, defendant Walker JR, concured. A copy of the grievance and recommendation is attached to this affidavit as Exhibit 7 and 8 Respectfully

12. For the reasons Stated in the brief submitted with this motion these undisputed facts establish that defendant Scholz, denied me medical dental care, and defendant Zimmerman, Fugua, Strien, Goins, Ford and Walker were deliberatly indiffrent to my serious medical dental needs. Accordingly I am entitled to Summary Judgment on my claims of cruel and unusual Punishment in which all the defendants were deliberately indiffrent.

Pursuant to 28 U.S.C. §1746, I declare under penalty of Perjury that the forgoing is true and correct.

6

Michael Stevenson
N-93569   Plaintiff Pro se
, 2007

7

Brief in support of motion for
Summary Judgment


<u>Points  and  Authorities</u>
Point 1

A. failure to Provide medical treatment

Henderson, 196 F. 3d at 846-47 (citing Hell-
ing v. mckinney, 509 U.S. 25, 33-35, 113
S.ct. 2475, 125 L.Ed. 2d 22 (1993).)

B. Estella v. Gamble, 429 U.S. 97, 104,
97 S.ct. 285, 291, 50 L.Ed. 2d 251
(1976),

Davis v. Jones, 936 F. 2d 971, 972
(7th cir. 1991)

Ralston v. mc Govern, 167 f. 3d 1160,
1162 (7th cir. 1999)

Field v. Gander, 734 f. 3d 1313, 1314-15
(8th cir. 1984)

Penrod v. zavaras, 94 f. 3d 1399, 1409
(10th cir. 1996)

Boyd v. knox, 47 F. 3d 966, 969 (8th cir.
1995)

Hunt v. Dental Dep't, 865 f. 2d 198,
200 (9th cir. 1989)

8

supra note 4 and 7 Board v.
Farnham, 394 F.3d 469 (7th cir.
2005)

B. Deliberate indiffrence to serious
medical need.

Walker v. Benjamin, 293 f.3d 1030,
1040 (7th cir. 2002)
Greeno v. Daley, 414 f.3d 645
(7th cir. 2005)
Estella v. Gamble, 429 U.S. 97, 104,
97 S. ct. 285, 50 L.Ed. 2d 251
(1976)
Board v. Farnham, 394 f.3d 478
(7th cir. 2005)
Armstrong v. Squadrito, 152 f.3d 564,
577 (7th cir. 1998) (qouting West v. Waymire,
114 f.3d 646, 651 (7th cir. 1997)

         Point 2

1. Deliberate indiffrence arising from
Failure to correct

Williams v. Smith, 781 F.2d 319, 323-24           9

(2d cir. 1986)

Hill v. marshall, 962 F.2d 1209,
1213-14 (6th cir. 1992) (emphasis in original),
cert. denied, ____ us.____ (1993).


42 U.S.C. § 1983


Aswego v. Bruhl, 965 F.2d 676, 677.
(8th cir. 1992);
Walker v. norris, 917 F.2d 1449,
1456 (6th cir. 1990)


Patterson v. Coughlin, 905 F.2d
564, 570 (2d cir. 1990)

10

IN The uniTed States District court
Central District of Illinois

michael Stevenson )
    Plaintiff )
                              )
        v )          NO-07-3108
Scholz et al )
    Defendants )

FILED
DEC 2 6 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Brief in SupporT of Plaintiff's motion For
        Summary Judgment

Statement of case
    This is a §1983 action filed by a
Prisoner at western Illinois correctional
center seeking damages based on denial
of medical care. IN this motion the
Plaintiff seeks Summary Judgment on his
claim of cruel and unusual Punishment
arising From deliberate indiffrence.


Statement of Facts
    As set forth in the accompanying
declaration of the Plaintiff, michael
Stevenson, he was denied a serious
medical need at which no treatment
was given. The dentist, defendant
Scholz, Stated that there was nothing
he could for the Plaintiff and suggested

11

he asked for a transfer to a facility that could address his needs.

A grievance was submitted to the counselor defendant Strien for review and it was sent back to the plaintiff with written responses from the health care administrator defendant Fugua and the dentist defendant Scholz stating only "D. Fugua states that I/m was seen on 10-3-04. Cleanings (basic) are not performed at W.I.C.C. due to no dental hygienist. Dentist states no need for outside consult." with no further explanation.

The grievance was sent to the grievance officer defendant Goins for further review and she recommended that it be denied. The warden defendant Zimmerman concured. The plaintiff then appeal to the administrative review for finale review and it was denied also. Board member defendant Ford stated "Based on a totle review of all available information, it is in the opinion of this office that the issue was appropriatly address by the institutional administration.

12

It is therefore recommended the griev-
ance be denied. The director defendant
walker Ja. concured.

## ARGUMET

### Point 1
The Failure to Provide medical care
to the Plaintiffs' serious medical condition
Constitutes cruel and unusual Punishment.

The eighth admendment Protects a detainee
not only From deliberate indiffrence to
his or her current serious health Problems,
but also From deliberate indiffrence to
Conditions Posing an unreasonable risk
of serious damage to Future health. Hen-
derson, 196 F.3d at 846-47 (citing Helling v.
mckinney, 509 u.s. 25, 33-35, 113 s.ct. 2475,
125 L.Ed.2d 22 (1993). Defendant Scholz, the
dentist, violated the eighth admendment
in two respects.

A. Failure to Provide medical care
to the Plaintiffs medical condition violated
the eighth admendment.

13

Deliberately to ignore a request for medical assistance has long been held to be a form of cruel and unusual Punishment e.g., Estelle v. Gamble, 429 U.S. 97, 104, 97 ~~s.ct~~ S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), but this is Provided that the illness or injury for which assistance is sought is sufficiently serious or Painful to make the refusal of assistance uncivilized. E.g, Davis v. Jones, 936 F.2d 971, 972 (7th cir. 1991).

Defendant Scholz dianosed the Plaintiff as having gingivitis and refused to provide treatment despite the reported symptoms by Plaintiff. This repeated refusal to uncover of effectively treat Plaintiffs' condition was a "gratuitous cruelty." See Ralston v. McGovern, 167 F.3d 1160, 1162 (7th cir. 1999). In addition, a number of other courts has held that dental Pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need. See Feild v. Gander, 734 F.3d 1313, 1314-15 (8th cir. 1984); See also Penrod v. Zavaras, 94 F.3d 1399, 1409 (10th cir. 1996) (recession or bleeding of the gums); Boyd v. knox, 47 F.3d 966, 969 (8th cir. 1995) (deterioration of teeth due to lack

14

of treatment); Hunt v. Dental Dep't, 865
F. 2d 198, 200 (9th cir. 1989) (an interference
with the ability to eat). -- All of which
was apparent in this case.

Furthermore gingivitist is a serious
medical condition that if left untreated
can contribute to an array of serious
health problems all of which are capable
of causing death. See Supra Notes 4,
7 in Board v. Farnham 394 F.3d 469
(7th cir. 2005)

B. Deliberate indifference to a serious
medical need is a violation of the eighth
admendment.

The law is clear that deliberate
indifference to a serious medical condition
is a violation of a clearly established con-
stitutional right. See, e.g., Walker v. Benja-
min, 293 f.3d 1030, 1040 (7th cir. 2002) See
also Greeno v. Daley 414 f.3d 645 (7th cir. 2005),
Estelle v. Gamble 429 u.s. 97, 104, 97 s.ct. 285,
50 L.Ed 2d 251 (1976)

On two seperate occasions defendant        15

Scholz stated to Prison officials that there was no need for out side consult and that my condition was not emergent. His comment's suggest that it was no need to treat Plaintiffs' condition, Greeno v. Daley 414 F. 3d 645 (7th cir. 2005)

The eighth admendment protects an inmate from a government actor's "deliberate indiffrence to his basic needs." Board v. Farnham 394 F. 3d 478. (7th cir. 2005) Under this standard, conduct is "deliberately indiffrent" when the official has acted in an intentional or criminally reckless manner, i. e., "the defendant must have known that the Plaintiff 'was at risk of being harmed [and] decided not to do anything to prevent that harm from occuring even though he could have easily done so.'" Armstrong v. Squadrito, 152 f.3d 564, 577 (7th cir. 1998) (qouting West v. Waymire, 114 f. 3d 646, 651 (7th cir. 1997)).

Defendant Scholz did every thing in his power to ensure that Plaintiff recieved No treatment, despite the risk he know Gingivitist pose to present and future health.     Ke

## Point 2

Defendants Zimmerman, Goins, Strien, Fugua, Walker Jr., and Ford is liable for Cruel and unusual Punishment Violations by reason of their Failure to correct them When made aware through grievances and administrative appeals.

Although the defendants are non-medical Personal and could not give medical care to the Plaintiff Personaly they were deliberatly indiffrent to his medical needs which made them responsable for cruel and unusual Punishment by Failing to correct the medical denial In the course of thier Supervisory responsabilities. A Supervisor who learns of a constitu-tional violation through a report or appeal may be liable for Failing to correct it. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) The eighth Amendment Protects an inmate from a government actors "deliberate indiffrence to his basic needs"

17

It cannot be argued that the defendants did not learn of the cruel and unusual Punishment violations in this case. The inadequate interviews, the failure to review all the facts and the denial of medical care were all apparent from the documents created in the course of the grievance Procedure. moreover the Plaintiff identified the eighth admendment violations in his grievance, So the defendants knew just what to look for.

IN this case the defendants "Personally had a job to do, and they did not," and their failure to do their job was "so likely to result in the violation of the inmates' constitutional rights" as to establish deliberate indifference on their Part (Hill v. marshall, 962 F.2d 1209, 1213-14 (6th cir. 1992) (emphasis in original), cert. denied, ___ us. ___ (1993). Deliberate indifference by supervisory officials to inmates' constitutional rights is suffucient to establish liability under 42 u.S.C. §1983. Aswego v, Bruhl, 965 F.2d 676, 677 (8th cir. 1992); walker v.

18

Norris, 917 F.2d 1449, 1456 (6th cir. 1990)

For the foregoing reasons the Court Should grant Summary Judgment to the defendant on his claims of cruel and unusual Punishment. The amount of damages due to the Plaintiff must be determined at trial. Patterson v. Coughlin, 905 F.2d 564, 570 (2d cir. 1990)

Respectfully Submitted

Michael Stevenson
N-93569

, 2007

19

# Exibits

## Contents                                      Exhibit

| Contents | Exhibit |
|---|---|
| Grievance Dated 9-13-06 | 1 |
| Grievance Response by Counselor | 1,4 |
| I.D.O.C. Grievance Procedure | 2 |
| Grievance officer's recommendation | 3 |
| Dental medical records | 4 |
| medical records | 5 |
| medical records | 6 |
| Grievance Dated 12-12-06 | 7 |
| Grievance Dated 12-12-06 Response | 7,8 |
| Administrative Appeal recommendation | 8 |

21

OFFENDER'S GRIEVANCE

| Date: 9-13-06 | Offender: (Please Print) Stevenson, Michael L. | ID#: N-93569 |
| Present Facility: W.I.C.C. | Facility where grievance issue occurred: W.I.C.C. | |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___  Date of Report  Facility where issued

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I've been to the dentist twice about the problems with my Gums. They are bleeding and swollen but the dentist says that it's nothing that he can do here and that they dont clean teeth what ever the problem is. I feel as though I'm being denied medical treatment; my gums bleed every day and the pain is some times unbearable. Can you please give me some kind of treatment?

Relief Requested: That I recieve some kind of treatment

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | | |
| Date Received: 9, 20, 06 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: D. Fugua states that I'm was seen on 10-3-06. Cleanings (Basic) are not performed at WICC due to no dental Hygenist. Dentist states no need for outside Consult.

VAN STRIEN                    Van Strien          10, 5, 06
Print Counselor's Name    Counselor's Signature    Date of Response

| EMERGENCY REVIEW | | |
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance  [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

RECEIVED
OCT 15 2006
WESTERN ILLINOIS C.C.
GRIEVANCE OFFICER

_____    ___/___/___
Chief Administrative Officer's Signature    Date

**RECEIVED**
**DEC 15 2006**
**OFFICE OF INMATE ISSUES**

Distribution: Master File; Offender    ILLINOIS DEPARTMENT OF CORRECTIONS    Page 1    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

Exhibit I

22

- **Non-emergency Medical and Dental Furloughs**

   Offenders will be charged a $2.00 co-payment fee for requested non-emergency medical or dental treatment. Non-emergency services are quested by the offender and determined necessary by a Department physician.

- **Offender sexual assaults**

   It is a policy of Western Illinois Correctional Center to provide a safe and secure environment for all offenders and to maintain a program for the prevention of sexual assaults. Prompt staff intervention shall be provided in the event of a suspected or actual offender sexual assault.

- **HIV Testing and Counseling**

   Per Public Act 94-0269, effective 1/1/06, upon arrival at this facility from a Reception and Classification Center and prior to your release to either MSR or Discharge, all offenders shall be offered HIV testing and counseling at no cost.

7.    Grievance Procedure

It is the policy of the Western Illinois Correctional Center that all offenders be free to file grievances according to Departmental Rule 504F. This procedure is explained in the Offender Orientation Program. Grievance forms are available from the living unit control officer or counselor. In accordance with Departmental Rule 504F Grievances are to be filed within **60 days** after the discovery of the incident, occurrence, or problem which gives rise to the grievance.

A committed person shall first attempt to resolve incidents, problems, or complaints other than complaints concerning a disciplinary proceeding through his counselor. If a committed person is unable to resolve his complaint informally or if the complaint concerns a disciplinary proceeding, he may file a written grievance on a Grievance Form (DOC 0046).

The Offender completes the top portion of the form and submits it to the counselor or grievance officer, whichever is appropriate (grievance officer only if the grievance concerns disciplinary proceedings). The grievance officer or counselor will complete their portion of the grievance form. After the grievance officer responds, they will submit their findings to the Warden. If the counselor responds, the counselor returns the form to the offender and the offender makes the determination whether or not to forward to the grievance officer. If the grievance officer is responding, upon completion of their review, the grievance officer forwards the form to the Warden.

The Grievance Form shall be addressed to the grievance officer and shall be deposited in the living unit mailbox marked for grievances.

Staff assistance is available for those committed persons who cannot prepare their grievances unaided as determined by institutional staff.

All committed persons are entitled to invoke the grievance procedure regardless of their disciplinary status or classification.

- 30 -

Exhibit 2

Grievances shall be reviewed at least weekly, provided one or more grievances has been filed with the Grievance Officer. The Grievance Officer is to file a written report of his findings and recommendations to the Warden after the complaint has been received by the Grievance Officer. The Warden or his designee shall advise the offender of the decision in writing within two months after receiving the officer's report, whenever possible.

If the offender is not satisfied with the Warden's response, he may send his grievance to the Director of the Department of Corrections within 30 days of the receipt of the response and ask for a review of his grievance. All institutional reports on an offender's grievance will be reviewed and a decision made as to whether or not a hearing is required. If not, the offender will be notified of the action taken. The Administrative review Board consists of 2 members; one member will not be employed by the Department of Corrections. The Board may personally interview the offender and may talk with anyone who has direct knowledge of the offender's grievance. The Board will send a written report to the Director. He then reviews the report and will send the offender a letter containing his final decision. The following is the address of the Director:

> Director
> Attention: Administrative Review Board
> 1301 Concordia Court
> P.O. Box 19277
> Springfield, IL 62794.

The Grievance Officer shall promptly submit a copy of any grievance alleging discrimination based on disability to the facility ADA Coordinator. The facility ADA Coordinator shall conduct such investigation as deemed appropriate and make written recommendations to the Chief Administrative Officer for resolution of the grievance. An ADA grievance must be filed within six months of the discovery of the action leading to the grievance.

8.    Laundry

In accordance with D.R. 502C, clean bedding and linens are supplied weekly to offenders. Sending a request slip to the Housing Unit Lieutenant completes this process. Blankets are laundered weekly in the institutional laundry according to the established schedule. Each offender is entitled to one pillow, and 1 blanket in addition to one pillowcase and two sheets. Linen exchange will take place once a week by submitting a request slip to the housing unit Lieutenant. At this time, offenders may exchange their soiled linens for clean linens. Only those items turned in will be issued out. Laundry detergent is available in the Commissary. Washers and dryers are operated by offender laundry workers under housing unit security supervision. Offenders are responsible for the clothing issued to them by the Clothing room. Unserviceable clothing must be returned to the Clothing Room to be exchanged.

Offenders will be held accountable for any and all state-issued clothing, bedding or linen. This includes state-issued protective clothing and equipment (i.e., safety goggles, dietary whites). In cases where it is determined that an offender has violated this accountability, disciplinary action may be taken, including restitution for the item.

ILLINOIS DEPARTMENT OF CORRECTIONS

**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: October 15, 2006 _____ Date of Review: October 17, 2006 _____ Grievance # (optional): 06-072(9) _____

Offender: Michael Stevenson _____ ID#: N93569 _____

Nature of Grievance: Inmate is grieving medical-dental.

Facts Reviewed: Inmate's grievance reviewed. Inmate states that he has been to the dentist twice about the problems with his gums. He states they are bleeding and swollen and the dentist states there is nothing that can be done about it here and that they do not clean teeth here. Inmate requests some type of treatment.

Counselor's response dated 10-5-06 by CCII VanStrien states that D. Fuqua, HCUA, states that inmate was seen on 10-3-06. Cleanings (basic) are not performed at WICC due to no dental hygienist. Dentist states no need for outside consult.

Recommendation: Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be denied.

_____                      _____
Tara Goins                                          Tara Goins
Print Grievance Officer's Name                        Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _10-18-06_  ☑ I concur    ☐ I do not concur    ☐ Remand

Comments:

**RECEIVED**

**DEC 15 2006**

**OFFICE OF**
**INMATE ISSUES**

_____                      _10-18-06_
Chief Administrative Officer's Signature                        Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Michael L. Stevenson_          _N-93569_          _Oct. 24/06_
Offender's Signature                        ID#                        Date

Distribution:   Master File; Offender; AW Programs          Page 1          DOC 0047 (Rev. 3/2005)

EXhibit 3

24

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| APR 2 1 2006 | R&C EXAM, PANX / ORAL HYGIENE / INSTRUCTIONS GIVEN | | | | |
| 7/15/06 | R/to see Dr. for Hygiene / exam. Gave Dr. Conroy — / extract'd pt's | *[signature]* | | | |
| 9/6/06 | #1-1 / #18 — no copay — / Ext am | *[signature]* | | | |
| 9/6/06 | OP no prblm with / extraction | *[signature]* | | | |
| | next appt posted / between them | *[signature]* | | | |
| 10/03/06 | in for cleaning c̄f | *[signature]* | | | |
| 12:50 p | *[illegible]* | | | | |
| 10/23/06 | *[illegible]* | *[signature]* | | | |
| 1:15 p | *[illegible]* | | | | |

DC-712A (Rev. 10/87)
IL 426-0018

EXHIBIT 4

25

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

ate/Student Name
ate/Student I.D.#
ption Facility

Panorex

N93569    STEVENSON, MICHAEL
Age:   35          DOB: 11/21/1970
Race:  BLK         Sex: M
NRC 04/21/2006

Screening                    ely at R&C
DDS sig                      12
                             □ Schedule immediately at
                                receiving Institution

RECEIVED
DEC 15 2006
OFFICE OF
INMATE ISSUES

Existing Restorations and
Missing Teeth

Treatment Needed and
Completed Restorations

## Public Health Classification Screening Dates

| | Pathology |
|---|---|
| odontics | |
| Surgery | |
| odontics | |
| rative | |
| thetic | |

elving Inst.
tial

## DICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| lo Vascular Disease | | | |
| onary Disease/Asthma | | | |
| es | | | |
| py | | | |
| lilis | | | |
| gies (Type        ) | | | |
| gies (Type        ) | | | |

ULT

EXISTING RESTORATIONS & MISSING TEETH

TREATMENT NEEDED - COMPLETED RESTORATIONS

5 OF 8
over

8 OF 11

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender Outpatient Progress Notes**

**Western Illinois Correctional Center**

| Offender Information: | | |
|---|---|---|
| *Stevenson* | *Michael* | ID#: 093569 |
| Last Name | First Name | M/I |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10-21-06 | Nurse Note | |
| 4:45A | Refusal signed for AM NSC — | B Bowes RN |
| 10/26/06 | Rpn Note | |
| 1:30 P | See medical Health note | Connan Gyuler |
| 10/30/06 | MD SICK CALL | |
| 10:00A | WT 250 BP 135/85 T 96.9 P 76 | |
| | the skin. Probably not ↑ HXES. | Reassurance |
| | He is upset about treatment failure, | |
| | and repeated outlay of money. | |
| | the pattern is "X-Mas tree". | |
| | P. Rosea | |
| | Dental caries | |
| 11/13/6 | Nurse note | A) Alt in comfort |
| 8:40 P | Q) I have those knots on both side | P) 8:00 Copay signed |
| | of my jaws below my ear lobes | PSC 11/15/6 |
| | Q) BP 134/88 P 74 R 16 T 97.1 | RHC as needed |
| | Knots noted below both ear lobes | — SNyx RN |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/3/02)
(Replaces DC 7147)

*Printed on Recycled Paper*

Exhibit S

24

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

Western Illinois Correctional Center

Offender Information:

Stevenson       Michael       ID#: N93569
Last Name        First Name       MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11-13-06 1pm | Medical Records Note:<br><br>Offender received copy of dental records per request. Authorization form and money voucher for @75. Signed at this time —  | Thanks AR |
| 11/28/6 | nurse note | |
| 8:50 p | referral signed for NSC — SRmg RN | |
| | Mandatory PPD  Date/Time Given: 11/30/06<br>Site: 4FA       Lot: C2078HA<br>Exp: 4/30/07  Manufacturer: Aventis<br>Signed<br>Date/Time Read: 12-3-6 10:35 AM<br>Results: Ømm<br>Signed<br>Clinic/ | |
| | FOOD HANDLER<br>APPROVED  YES____  NO____ | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 6/2002)
(Replaces DC 7147)

Printed on Recycled Paper

7 of 8
over

10 OF 11

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

**Western Illinois Correctional Center**

Offender Information:

Stevenson                    Michael              ID#: N93509
Last Name                    First Name      MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 12/11/06 | MD SICK CALL | |
| 1135 am | WT 257# BP 140/70 T 97.1 P 68-16 | |
| | The skin + gums, there is a | |
| | scalp derm that has invited a | Cook for Sh |
| | lymphadenopathy; the gums bleed | Will discuss ē dental. |
| | despite flossing. | See Me Jan 3 sobid/am |
| | Pyonhea; dermatitis | |
| | J Bunns MD | Noted: 12/11/06 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

Exhibit 6

27

11 OF 11

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### Western Illinois Correctional Center

Offender Information:

ID#: _____

| Last Name | First Name | MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*my copy 1 of 4* *(handwritten right margin)*

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

*06-DR-Part #1 of 3* *(handwritten)*

| Date: 12-12-06 | Offender: (Please Print) Stevenson, Michael | ID#: N-93569 |
|---|---|---|
| Present Facility: Western Illinois | Facility where grievance Issue occurred: Western Illinois | |

NATURE OF GRIEVANCE: *(Poisoned Blood)* *Grossly Inadequate Medical Treatment*

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): *Incomplete Distorted Misinformed Responses/Reports*

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to: *DR415 violations*
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Upon entering Western Correctional Center, grievant immediately submitted Numerous request to the Health Care Unit for "Emergency" (dental care). Finally, on 7-5-06 he was called to the dental unit, where he explained and showed his chronic need for immediate medical treatment as his gums were bleeding perjusely with extreme pain and discomforting Gum, jaw and head pains. The treatment he received were grossly inadequate and hurried in "Cursory Behavior". On 8-6-06 grievant

Relief Requested: Immediate medical/Dental Care provide (Outside Medical/Dental Treatment) Transferred to a facility that is medically/Dentally equipted to Provide Grievant's Serious Medical

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self. *Dental Treatment*

*Michael L. Stevenson* _____ N-93564  12/12/06
Offender's Signature                              ID#              Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ____/____/____  [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

Date Received: 12/13/06

Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

*DISCOVERY ANSWER* *(stamp)*
DEC 1 3 2006
WESTERN ILLINOIS C.C.
GRIEVANCE OFFICER *(stamp)*

*Rodger _____* 
Chief Administrative Officer's Signature                    12/13/06
                                                            Date

ILLINOIS DEPARTMENT OF CORRECTIONS

*Exhibit 7* *(handwritten)*

*28* *(handwritten bottom right)*

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

were called back to the dental unit after more complaints
and request submitted, where he once again explained and
showed his condition had worstened. He asked at this time
if the dentist could or would at least cleanse his teeth
(a measure used to prevent further injuries) since no other
medical treatment(s) or dental treatment(s) were getting per-
formed. Dr. Schultz denied the request, stating "there's no
one employeed as a "Hygienist" here at Western and I don't
do cleanings". Grievant asked the Doctor/Dentist "how can you
examine my mouth and find as clearly can be seen that I
am in dire need of immediate medical/dental treatment(s)
yet because Western Correctional Center does not have the
mandatory equiptments, nor medical Hygienist I am ignored
and not even recommended to an outside care provider. He
responded with shrugged shoulders—stating "that's the way
Western does things". I were asked to leave and if I ex-
perience more pains and problems put in a request. Once
again, grievant submitted a request slip as suggested.
The chronic pains, headaches and ability of not being able
to eat were unbearable. Finally on 10-3-06 Dr. Schultz
called grievant to the dental unit, where he examined his
gums and teeth "informing him" there's nothing we are
equipted to perform with your serious condition. Unfortun-
ately; however, I suggest you put in for a facility
transfer to get the treatment(s) you so desperately need."
Grievant asked why won't Western just take me to an out-
side hospital or dental center, Dr. Schultz stated, "I don't
that our budget will allow this", grievant stating, "Oh so
the whole ordeal is not so much equiptment or Hygienist
or you can't perform my treatment(s), its a budget con-
cern. How can you over look deliberately my bleeding
gums, notice the severe agonizing pain's, headaches and
mouth discomfort's I'm experiencing over this long
period of time "and only be concern with how much
money to spend." Dr. Schultz asked me to leave, stating
again " Submit for A Transfer to Get Better Dental Treatment(s)"
Grievant continued to seek remedy for his serious medical
dental condition; however, denied any more responses.
There fore, he were forced to make a formal complaint
through EDOC 504 grievance procedures. On 9-13-06
grievant submitted his complaint to Clinical Services
against the nature of medical treatment. He explained that

Part #2 of 3

my copy 2 of 4

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 12-12-06 | Offender: (Please Print) Stevenson, Michael | ID#: N-93569 |
|---|---|---|
| Present Facility: Western Illinois | Facility where grievance issue occurred: Western Illinois | |

NATURE OF GRIEVANCE:

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____
☐ Disciplinary Report: ___/___/___      _____
       Date of Report        Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: he had been examined (twice) by Dr. Schotz, who noted the serious bleeding and gum problems he were suffering. Grievant explained in his complaint/grievance of 9-13-06 also, how Dr. Schotz denied any medical-dental treatment, and preventive measures; such as cleaning his teeth/gums that would prevent further injuries (degenerative gums and tooth decay - painfull swollen gums - inflammed gums - teeth loosening with profuse bleeding, and uncontrollable headaches). On 10-5-06 a response

Relief Requested: SEE front Page #1 of 3

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Offender's Signature        ID#        Date
(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

_____  _____  _____
Print Counselor's Name    Counselor's Signature    Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____  ___/___/___
Chief Administrative Officer's Signature        Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Printed on Recycled Paper

29

Exhibit 79



Were made per: Counselor Van Strien Who reported that Health Care Administrator Deborah Inguna state "I/m was seen on 10-3-06. Cleanings (basic) are not performed at WICC due to no dental Hygienist. Dentist states no need for outside consult." (End of this response/Report)

On 10-15-06 / 10-18-06 grievance officer Tara Goins made a response/report identical to the response/report of Clinical Service Counselor Van Strien (See 6/o Report), making a Recommendation grievantor grievance be denied. Warden Roger Zimmerman concurred. 10-18-06.

These acts are deliberately committed in a sufficiently culpable state of mind. Each denial and distorted, incomplete response/report constitutes a violation(s) of grievants guaranteed constitutional rights as an inmate in the Illinois Department of Corrections. These deliberate acts blatantly violate the established Laws of IDOC medical DR 415. Each Administrator in their proper protocol were, have and continues to be made aware of the serious medical/dental Need. They have, and continue to be made aware of the failures to provide Emergency Medical-Dental treatments (including the urgent necessity to have an Outside medical/Dental provider treat grievants serious condition. Each Administrator or have and continues to be made aware how these denials have and continues to cause unwanton inflictions of pains - bleedings - headaches and degenerative gums; however Each one; (Warden Zimmerman = Health Care Administrator Deborah Inguna = Dr. Schultz the Dentist) have made their own rules against those established by government and State Laws, for inmates of IDOC, grievant included, to deny him treatment for serious medical/dental conditions needing immediate attention.

In addition, how could the Health Care Administrator make any type of statement as reported, as she only chose to report to the Counselor Van Strien 10-5-06, (the third visit grievant were examined by Dr. Schultz). Why did she not provide a complete report as the procedures of IDOC medical/Dental DR 415 request mandatory. In addition, the medical Records of grievants file are totally incomplete as to accurate reportings of all dental visits he were examined by Dr. Schultz, from the First visit of 7-5-06

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Part # 3 of 3

| Date: 12-12-06 | Offender: (Please Print) Stevenson, michael | ID#: N-93509 |

| Present Facility: Western Illinois | Facility where grievance issue occurred: Western Illinois |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
  administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
  Administrative Officer.

Brief Summary of Grievance: 8-6-06 the second; prior to 10-3-06 the only visit/examination Deborah Inugua reported to the counselor for response to grievants grievance. These at best are continued acts of Dexterity. Grievants serious medical condition warrants an immediate Outside Care providers treatment. For his gums are inflammed with excruciating pain, discomfort, and headaches. It must be noted in the grievance officers and counselors response then each reported what Deborah Inugua said, not the

Relief Requested: See Front Page #1 of 3

[✗] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____        _____        ____/____/____
Offender's Signature                        ID#                    Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name            Counselor's Signature            Date of Response

| EMERGENCY REVIEW |

Date Received: ____/____/____    Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
                                                                                      [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____            _____
Chief Administrative Officer's Signature                        Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Printed on Recycled Paper

Exhibit 7b

30

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Doctor/Dentist, stating "Dentist states No Need for Outside Consult". Where's the written respect of Dr. Scholtz who actually examined grievant, not Deborah Inigua. It appears the Dentist has No authority in decision; however if you'd examine the report he wrote 10-3-06, he recorded he suggested I get a transfer to a facility best equipped to accommodate my medical/dental condition.

Once a person official(s) is aware of a "Serious Medical/Dental Need or Condition) and so diagnosed of the same, yet denials and delays are committed intentionally (regardless of a budget interest) these acts are constitutional violations of both State and federal Laws. This is deliberate indifference and must be corrected and treated medical immediate without bias or retaliation.

Therefore, grievant request all the above be immediately remedied and medically treated, including a facility transfer for the purpose of medical equipment and provisions, as Dr. Scholtz has suggested to prevent further degeneration of gums, teeth decay, headaches, swollen and inflamed gums, which cannot be treated at Western Corr. Ctr. due to budget, lack of equipment and dental hygienist.

Medical (DR 415) Dental = Determine the issue:
  (1). (Grievant has not received dental care).
  (2). (Contact HCU Admin. - She was,— made incomplete report
  (3). (Grievant is in compliance with (IDOC procedures).
        Yet denied Serious Medical Treatment for Dental Needs.

In addition, let it be Noted, Each dentist report of 7-5-06/ 8-6-06/ 10-3-06 were incomplete to all the facts and discussions between Dr. Scholtz and Grievant. Dr. Scholtz misinformed the records as to (all) the facts and only reported a very small amount of evidence he personally examined on each of grievant's dental visits that would appear no Need to Remedy or properly treat. Why? Yet made a recommendation for facility transfer to get Adequate Dental Care. (See Attached Records)

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
| --- |

**Date Received:** December 13, 2006        **Date of Review:** December 28, 2006        **Grievance #** (optional): 06-0898E

**Offender:** Michael Stevenson                                                    **ID#:** N93569

**Nature of Grievance:** Inmate is grieving medical treatment-dental.

**Facts Reviewed:** Emergency Grievance. Inmate's grievance reviewed. Inmate states that he has been requesting to receive emergency dental care. Inmate states that on 7-5-06 he was called to the dental unit and explained his needs. Inmate states he was seen again on 8-6-06 and asked for a cleaning and was informed that WICC does not have a dental hygienist. Inmate states he was seen again on 10-3-06 and Dr. Scholz informed him there is nothing that can be done at WICC and suggested inmate request a transfer to get appropriate medical attention. Inmate states he needs to be seen by an outside specialist since WICC can not give the necessary medical treatment needed. Inmate requests to have immediate medical/dental care provided (outside medical/dental treatment), transferred to a facility that is equipped to provide medical/dental treatment.

Dr. Scholz's response dated 12-19-06 reviewed. He states that IDOC uses the American Public Health Association categorization of Dental Patients (Administrative Directive 04.03.102). Category I being emergency and most severe and category VI being no symptoms or dental treatment needed. In my examination of Mr. Stevenson he appears to fall between category II and category III. Mr. Stevenson problems are not emergent. He has a chronic gingivitis which is generalized, usually a relatively painless gum chronic infection of long standing with some bleeding. Headaches are not addressed by the dental unit but by the physician.

According to OTS, inmate is eligible to request a transfer through his counselor as he has been at WICC for 6 months.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be denied.

Tara Goins
Print Grievance Officer's Name                                        Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

**Date Received:** 12-28-06        ☑ I concur.        ☐ I do not concur        ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                                        12-28-06
Date

| Offender's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Stevenson, Michael L.        N-93569        1-4-07
Offender's Signature                ID#                Date

CC:HCU

Distribution:  Master File; Offender; AW Programs        Page 1        DOC 0047 (Rev. 3/2005)

Printed on Recycled Paper



Exhibit

31



**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

April 2, 2007

Michael Stevenson
Register No. N93569
Western Illinois Correctional Center

Dear Mr. Stevenson:

This is in response to your grievance received on January 11, 2007, regarding medical treatment (alleges his is not receiving adequate dental care), which was alleged to have occurred at Western Illinois Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 06-0898, and subsequent recommendation dated December 28, 2006 and approval by the Chief Administrative Officer on December 28, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _Melody J. Ford_
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _Roger R. Walker_
Roger E. Walker Jr.
Director

cc:   Warden Roger Zimmerman, Western Illinois Correctional Center
Michael Stevenson, Register No. N93569
Chron. File

_Exhibit B_

_32_