IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL STEVENSON, Inmate #N93569, )
                                                      )
       Plaintiff,                          )
                                                      )
vs.                                       )          No. 07-3108
                                                      )
DR. SCHOLZ, et al.,           )
                                                      )
       Defendants.            )

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, MELODY FORD, DEBORAH FUQUA, TARA GOINS, STEVEN VANSTRIEN, ROGER E. WALKER, JR., and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and respond to Plaintiff's Motion for Summary Judgment [Court Document #27]:

**Plaintiff's Undisputed Material Facts
Which Defendants Agree are Undisputed[1]**

> 5.    *After the interview I received a written response from the counselor, defendant Strien, Stating "D. Fuqua states that I/M was seen on 10-3-06. Cleanings (basis) are not Performed at W.I.C.C. due to no dental hygienist. Dentist states no need for outside consult." and sent the grievance back to me unresolved. A copy of the response is attached to this affidavit as Exhibit 1. (Sic).*

Plaintiff's material fact number five is material. While the counselor's response to which Plaintiff refers does not establish that Defendants were deliberately indifferent

---

[1] Defendants construe Plaintiff's "Declaration in Support of Plaintiff's Motion for Summary Judgment" as Plaintiff's undisputed material facts section that is required pursuant to USDC-CD Local Rule 7.1-3(D)(1).

1

to a serious medical need, or that Plaintiff was suffering from a serious medical need, it shows that Defendant Fuqua investigated and responded to Plaintiff's correspondence and that an expert had determined that Plaintiff did not require additional care.

### Plaintiff's Additional Undisputed Material Facts
### Which Defendants Dispute

   2.  *I am an inmate at Western Illinois Correctional Center.  On July 5, 2006, Aug. 6, 2006 and Sept. 3, 2006 I was denied serious medical (Dental) care as set forth in my complaint at ¶1. (Sic).*

Defendants do not dispute that Plaintiff is an inmate at Western Illinois Correctional Center.  However, Defendants dispute that they denied Plaintiff serious medical care on July 5, 2006, August 6, 2006, and September 3, 2006.  Defendants dispute that Plaintiff's dental complaints constituted a serious medical condition.  The Plaintiff's reliance upon his complaint in order to support his material fact, rather than an affidavit or medical records, does not lead to the conclusion that Plaintiff suffered from a serious medical condition and was denied treatment for said condition.  Plaintiff did not file an affidavit in support of this assertion, and is thus drawing a conclusion.  Furthermore, to the extent that Plaintiff relies upon his medical records, these records indicate that Plaintiff did receive medical care.

### Plaintiff's Additional Undisputed Material Facts
### Which Defendants Assert are Immaterial

1.   *I am the Plaintiff in this case.  The complaint alledges that I was denied necessary medical care in which the defendants were deliberately indifferent.  I submit this declaration in support of my motion for summary judgment on my claims of cruel and unusual punishment.  (sic).*

  Plaintiff's material fact number one is immaterial.  Plaintiff appears to be setting forth a statement regarding the case at bar, rather than providing a material fact upon which the granting of summary judgment would be proper.

3.  *As a result of the July 5, 2006 and August 6, 2006 incident I filed grievances claiming my gums bleed, and swollen, and in pain, and requested that I receive some kind of treatment.  A copy of the grievances are attached to this affidavit as Exhibit 1 (sic)*

  The fact that Plaintiff filed grievances regarding his medical care and treatment does not prove or offer any support to Plaintiff's assertions that Defendants were deliberately indifferent to his medical needs.

4.  *The counselor, defendant Strien, interviewed the Health care administrator, defendant Fuqua, and the Dentist, defendant Scholz, on October 5, 2006, concerning my medical grievance.  (Sic).*

  Plaintiff's material fact number four is immaterial.  This material fact fails to establish that Defendant Fuqua or any of the other defendants were deliberately indifferent to a serious medical need.

6.  *The usual Procedure at the prison is to first attempt to resolve incidents, problems, and complaints throug the counselor.  If an inmate is unable to resolve an incident, Problem or complaint through his counselor he may submit the grievance with the grievance officer for further review.  I based this statement about grievance procedures on the grievance procedure outlined in the Illinois Department of Correction inmate orientation manual issued to inmates upon arrival.  A copy of the Procedure is attached to this affidavit as Exhibit 2 (sic)*

  Plaintiff's material fact number 6 is immaterial.  Plaintiff citing the grievance procedure used by the Illinois Department of Corrections fails to establish that Defendants were deliberately indifferent to Plaintiff's alleged serious medical needs.

7. *I submitted my grievance to the grievance officer, defendant Goins, for further review. The facts reviewed by defendant Goins consisted soley on the written reports of the counselor, defendant Strien, and a brief summary of my grievance. (Sic).*

Plaintiff's material fact number seven is immaterial. Plaintiff's material fact indicates that Plaintiff believes that Defendant Goins should have consulted individuals or information other than that provided by Defendant Strien. Plaintiff fails to support his belief with any foundation in law.

8. *Based on the grievance officers', defendant Goins, recommendations my grievance was denied and the Warden, defendant Zimmerman, concured. A copy of the recommendations are attached to this affidavit as Exhibit 3 (sic)*

9. *I went back to the dentist upon my request and asked him to reconsider given me treatment explaining to him that it has become difficult for me to eat, and that my gums are swollen, and that they bleed and that my teeth has begun to loosen, and he stated "that there was nothing he could do for me and that there was more emergent problems then mines and suggested I ask for a transfer to a facility that could accommadate my needs. A copy of the medical records is attached to this affidavit as Exhibit 4 (sic)*

10. *On Oct. 30, 2006, I was called to the Doctor per my request and spoke to him about my dental problems and he said he would talk to the dentist. The dentist, defendant Scholz was not available to speak with so the doctor noted my dental Problems. A copy of the medical report is attached to this affidavit as Exhibit 5 and 6 respectfully (sic)*

Plaintiff's material facts numbers eight, nine and ten fail to establish that Defendants were deliberately indifferent to Plaintiff's alleged serious medical needs. The only fact that Plaintiff's Exhibit 3 establishes is that Plaintiff's grievance was responded to by both Defendant Goins and Defendant Zimmerman. Plaintiff's material fact and supporting Exhibit 4 indicate that Plaintiff was seen by a dentist. Additionally, Plaintiff's material fact number 10 relies upon Plaintiff's medical records. These

medical records fail to establish that Defendants were deliberately indifferent to Plaintiff's medical needs.

11.  *Consistant with institutional procedure I filed an administrative appeal with the administrative review board Pointing out that I'm being denied medical care. Administrative review board member, defendant Ford, reviewed my grievance submitted for appeal review and recommended that my grievance be denied, stating "that the issue was appropriately addressed by the institutional administration." The Director, defendant Walker Jr., concured. A copy of the grievance and recommendation is attached to this affidavit as Exhibit 7 and 8 respectfully (sic)*

Plaintiff's material fact number 11 is immaterial to Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's alleged serious medical needs. The filing of a grievance does not establish that Defendants where guilty of deliberate indifference. Plaintiff offers no evidence to support his belief that Defendants were guilty of deliberate indifference, other than grievances and responses thereto, which fail to establish with a medical certainty that Plaintiff suffered from a serious medical need, and that Defendants were deliberately indifferent to that serious medical need.

12.  *For the reasons stated in the brief submitted with this motion these undisputed facts establish that defendant Scholz, denied me medical dental care, and defendant Zimmerman, Fuqua, Strien, Goins, Ford and Walker were deliberately indiffrent to my serious medical dental needs. Accordingly I am entitled to summary judgment on my claims of cruel and unusual punishment in which all the defendants were deliberately indiffrent.*

Defendants deny that they were deliberately indifferent to Plaintiff's alleged serious medical needs. Furthermore, Plaintiff's material fact 12 is the opinion of Plaintiff and is not supported by any evidence that would establish Plaintiff's assertion.

5

## ARGUMENT

In order to establish an Eighth Amendment violation by a prison official for failure to provide adequate medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Deliberate indifference requires the prison official to act with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) *quoting* Wilson v. Seiter, 501 U.S. 294, 297 (1991). While the state has "an affirmative obligation under the Eighth Amendment to provide persons in its custody with a medical care system that meets minimal standards of adequacy," (Meriwether v. Faulkner, 821 F.2d 408, 411 (7th Cir. 1987)), inmates are not entitled to unqualified access to health care. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992); *see also* Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991). "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." Snipes v. Detella, 95 F.3d 586, 592 (7th Cir. 1996).

Plaintiff failed to prove that Defendants were deliberately indifferent to Plaintiff's serious medical needs. None of the evidence attached to Plaintiff's Motion for Summary Judgment established that Plaintiff suffered from a serious medical need, and that Defendants failed to provide Plaintiff with treatment for a serious medical need. Therefore, Plaintiff failed to show he was entitled to summary judgment because he could not prove that there were no genuine issues as to the material facts remaining in

this matter such that he was entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(West 2007).

    WHEREFORE, based on the above and foregoing reasons, Defendants respectfully request this honorable Court deny Plaintiff's Motions for Summary Judgment, and grant such further relief as the Court deems necessary and proper.

    Respectfully submitted,

    MELODY FORD, DEBORAH FUQUA, TARA GOINS, STEVEN VANSTRIEN, ROGER E. WALKER, JR., and ROGER ZIMMERMAN,

    Defendants,

    LISA MADIGAN, Attorney General, State of Illinois

By:  s/ Ellen C. Bruce
    Ellen C. Bruce, #6288045
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 782-9026
    Facsimile:   (217) 524-5091
    E-Mail:  ebruce@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL STEVENSON, Inmate #N93569, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 07-3108 | |
| ) | | |
| DR. SCHOLZ, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed Defendants' Response to Plaintiff's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theresa Powell
tpowell@hrva.com

and I hereby certify that on February 4, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Stevenson, #N93569
Illinois River Correctional Center
Route 9 West
Post Office Box 1900
Canton, Illinois  61520

Respectfully Submitted,
 s/ Ellen C. Bruce
Ellen C. Bruce, #6288045
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  ebruce@atg.state.il.us