05415-R4178
TMP/ej

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STEVENSON, N93569, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-3108-HAB-CHE |
| SCHOLZ, R. ZIMMERMAN, RODGER E. WALKER, JR., MELODY FORD, D. FUQUA, TARA GOINS, and VAN STRIEN. | ) |
| Defendants. | ) |

## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, ROBERT SCHOLZ, D.D.S., by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for his Response to Plaintiff's Motion for Summary Judgment, states:

### Declaration in Support of Plaintiff's Motion for Summary Judgment

1.   With respect to Plaintiff's Affidavit in support of his own Motion for Summary Judgment, Defendant takes issue with Plaintiff's assertion that he was denied necessary medical care. Defendant does not agree that Plaintiff's gingivitis constitutes a serious medical need requiring a specific course of treatment at all times.

2.   Defendant denies that any act or omission on his part constituted deliberate indifference to a serious medical need on the dates referenced by the Plaintiff.

3.   Defendant denies that Plaintiff was ever at risk of substantial harm with respect to his condition on each and all of the dates referenced in Plaintiff's Affidavit.

4.   Defendant does not deny that Plaintiff filed a grievance regarding this issue. Defendant does not deny the process outlined by the Plaintiff.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4178
TMP/ej

5. Defendant does not deny that he advised the Plaintiff that he should transfer to a facility that provided dental cleanings from a dental hygienist as none were available at the Western Illinois Correctional Center.

6. Defendant does deny that he or any of the other Defendants in this case were deliberately indifferent to any of the Plaintiff's medical and dental needs. Defendant denies that any of the dental needs presented by the Plaintiff were serious medical needs.

7. Plaintiff admits in his deposition that he has been provided a root planing and scaling treatment as of August 2007. (See Plaintiff's Deposition Transcript, not yet received.)

8. Since that time, Plaintiff has not had any of the problems of which he complained when he saw Dr. Scholz in 2006. (See Plaintiff's Deposition Transcript, not yet received.)

9. Plaintiff has not suffered from any harm medically or physically as a result of his dental care. (See Plaintiff's Deposition Transcript, not yet received.)

10. Western Illinois Correctional Center does not have a dental hygienist who can clean inmates' teeth.

11. The dentist, in general, provides care and treatment to inmates based upon the seriousness of their conditions. For the most part, these problems constitute emergent needs and then fillings.

12. There are many inmates who suffer from some form of periodontal disease due to poor dental hygiene.

13. Plaintiff's form of gingivitis prior to October of 2006 and on each date he was seen by Dr. Scholz was in the form that was non-emergent and did not require a specific course of medical care. Defendant advised the Plaintiff that he needed to use proper oral hygiene techniques in order

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4178
TMP/ej

to prevent further deterioration of his gums and possibly to improve his condition. As indicated, the proper treatment for Plaintiff's problem at that time was proper oral hygiene and dental cleaning.

14. Plaintiff admits in his deposition that prior to being incarcerated, he did not have his teeth cleaned.

15. Accordingly, it is very likely that Mr. Stevenson came into the correctional system with periodontal disease.

16. As Mr. Stevenson testified, despite the fact that he suffered from periodontal disease, he did not have any signs or symptoms of this problem, according to him, until July of 2006.

17. Swollen gums and bleeding associated with gingivitis are not serious medical needs. Bleeding of the gums associated with periodontal disease is not painful.

18. As Dr. Scholz noted in his records, the Plaintiff's complaints of severe pain and headaches which he attributed to his teeth were simply not reflected in the examination performed upon him by Dr. Scholz. (See Dr. Scholz' Affidavit to be attached to Defendant's Motion for Summary Judgment.)

19. Defendant would agree that serious and severe gingivitis can lead to serious health problems if left untreated for a significant amount of time. Defendant denies that Plaintiff's gingivitis was ever severe enough to cause any serious health problems to the Plaintiff. The Plaintiff did not suffer any serious health problems relating to his gingivitis.

20. Defendant Scholz did not believe the Plaintiff was in need of an outside consultation with respect to his condition as it was never emergent.

21. Nowhere does Defendant Scholz indicate that he personally believed the Plaintiff was at risk of a present or future health condition associated with his moderate gingivitis.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-R4178
TMP/ej

22. The Plaintiff makes brief references to case law concerning the definition of deliberate indifference.

23. Defendant admits that the law provides that a cause of action may exist where a state actor is deliberately indifferent to a serious medical need. See <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

24. In this case, the Plaintiff has failed to establish the elements necessary to support his cause of action. Plaintiff cannot establish that his condition of gingivitis should be considered a serious medical need which required treatment in order to prevent a substantial risk of harm. As Plaintiff was never at risk of any substantial harm as a result of the Defendant's care and treatment, Plaintiff's motion should be denied.

WHEREFORE, Defendant, ROBERT SCHOLZ, D.D.S., prays that this Court will deny Plaintiff's Motion for Summary Judgment and will grant Defendant's Motion for Summary Judgment.

    Respectfully submitted,

    ROBERT SCHOLZ, D.D.S., Defendant,

    HEYL, ROYSTER, VOELKER & ALLEN,
    Attorneys for Defendant,

BY:    /s/Theresa M. Powell
    Theresa M. Powell, #6230402
    HEYL, ROYSTER, VOELKER & ALLEN
    Suite 575, National City Center
    P. O. Box 1687
    Springfield, IL  62705
    Phone: (217) 522-8822
    Fax:    (217) 523-3902
    E-mail: tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4178
TMP/ej

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008, I electronically filed **Response to Plaintiff's Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

> Ellen C. Bruce
> ebruce@atg.state.il.us

and I hereby certify that on February 19, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

> Michael Stevenson, N93569
> Illinois River Correctional Center
> Route 9 West
> P. O. Box 1900
> Canton, IL 61520

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822