In the United States District Courts
Central District of Illinois

| | |
|---|---|
| Michael Stevenson<br>Plaintiff<br>V.<br>Dr. Scholz et al.,<br>Defendants | No. 07-3108 |

Brief in Opposition to Defendant's Summary Judgment Motion

## Statement of Case

This is a 1983 action filed by a Prisoner at Western Illinois Correctional Facility seeking damages and injunctive relief based on deliberate indifference and the denial of medical care. Defendants have filed a Motion for Summary Judgment as to the plaintiff's denial of Medical Care Claim Against defendants R. Zimmerman, Roger E. Walker Jr, Melody Ford, D. Fuqua, Tara Goings, and Van Strien, Arguing that their conduct did not violate the Constitution.

## Statement of Facts

The Plaintiff's declaration submitted in response to the defendants' motion states that from 9-13-06 to 8-8-07 the six defendants failed to correct Plaintiff's claim of medical denial. Although he had pointed out in grievances that he was being denied medical care, each defendant never addressed the issue of him being medically denied. Each defendant relied on the incomplete review of one another and never addressed the Plaintiff's allegations that he was being denied medical care. The defendants' affidavits tell a different story. They make it seem as though they reviewed grievances in their entirety, and upon a review of Plaintiff's statements and medical records found that he received treatment.

## Argument

### Point I

Summary Judgment is to be granted only if the record before the court shows that there is no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law! Rule 56(C), Fed. R. Civ. P. A "Material" fact is one that "might affect the outcome of the suit under the governing law."

(2)

Anderson v. Liberty Lobby, Inc., 477 U.S 242, 248 (1986). The Affidavits of the Plaintiff and the defendants are squarely contradictory as to what treatment was provided and when it was provided. The Allegation in the plaintiff's Affidavit portray a completely needles denial of Medical Care. Against an inmate with obvious Medical Needs. There is clearly a genuine issue of fact.

The factual dispute is also material. Under the governing law, whether deliberate indifference by prison officials violates the eighth Amendment depends on whether the officials acted on failed to Act despite his or her knowledge of a substantial risk of serious harm... Vance v. Peters, 97 F.3d 987 (7th Cir. 1996)(Citing) Farmer, 511 U.S At ___, 114 S.Ct At 1979

(3)

The Facts Alleged by the Plaintiff ARE evidence that the defendants were Acting "deliberately indifferent", they would support a Jury Verdict in the Plaintiffs favor. Estelle v. Gamble 97 S.Ct 285 (1976) (where prison Authorities failed to ensure that inmate WAS RECEIVING Medical Attention)

### Conclusion

For the forgoing Reasons, the defendants motion for Summary Judgment should be denied

Michael Stevenson
4-9-08

(4)

IN THE
Central District
of Illinois

Michael Stevenson
Plaintiff,

v.                                  Case No. 07-3108

Dr. Scholz et al,
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Theresa Powell

1 N. old St. Capitol Pl.
P.O. Box 1687
Springfield, Il. 62705

TO: Ellen C. Bruce

500 S. Sec. St.
Springfield, Il. 62706

PLEASE TAKE NOTICE that on March 9, 2008, I have placed the documents listed below in the institutional mail at Illinois River Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service:

Declaration & Brief in opposition to Summary Judgment, Statement of undisputed Facts

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 4-9-08

/s/ Michael Stevenson
NAME: Michael Stevenson
IDOC#: N-93564
Illinois River Correctional Center
P.O. BOX 1900
Canton, IL 61250

Revised Jan 2002