E-FILED
Thursday, 24 April, 2008  02:53:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL STEVENSON, Inmate #N93569, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 07-3108 | |
| DR. SCHOLZ, et al., ) | | |
| Defendants. ) | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE**

NOW COME the Defendants, MELODY FORD, DEBORAH FUQUA, TARA GOINS, STEVEN VANSTRIEN, ROGER E. WALKER, JR., and ROGER ZIMMERMAN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby reply to Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment, Brief in Opposition to Defendant's Summary Judgment Motion and Plaintiff Statement of Undisputed Facts (Docs. 40, 41, 42):

Plaintiff's response to Defendants' Motion for Summary Judgment does not comply with Local Rule 7.1. Plaintiff did not include sections in any of his three pleadings to indicate whether he agreed or disagreed with Defendants' Undisputed Material Facts. However, Defendants interpret Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Statement of Undisputed Facts as Plaintiff's Additional Material Facts and reply as such to Plaintiff's pleadings.

1

**Plaintiff's Additional Material Facts in Court Document 40**

*1.    I am the Plaintiff in the above entitled case. I make this declaration in opposition to defendant's motion for Summary Judgment on My Claim Concerning deliberate indifference towards me by defendants R. Zimmerman, Rodger E. Walker, Jr., Melody Ford, D. Fuqua, Tara goings and Vanstrein. (Sic).*

    Immaterial. The parties in this case have previously been established.

*2.    The defendant's affidavits claim, in summary, that I, the Plaintiff, received treatment concerning my gingivitis. They assert that they based their decisions on the recommendations of one another. (Sic).*

    Material and disputed to the extent that the Defendants' affidavits do not indicate that they solely based their decisions to deny Plaintiff's grievances on the recommendations of one another, and instead show that Defendants relied on the recommendation of trained medical staff when evaluating Plaintiff's claims.

*3.    The defendants are not entitled to summary judgment because there are genuine issues of material facts to be resolved. These issues are identified in the accompanying statement of disputed factual issues filed by the plaintiff. The facts are set out in this declaration.*

    Immaterial and disputed. Plaintiff failed to provide any evidence in any of his responses to Defendants' Motion for Summary Judgment to create a genuine issue of material fact.

*4.    On 9-13-06 I submitted a grievance claiming that I was being denied medical treatment and it was sent back to me with brief incomplete naritives from defendant's D. Fuqua and Dr. Schulz. (Sic).*

    Material and disputed. Defendants do not dispute that Plaintiff filed a grievance regarding his medical treatment. Defendants dispute that responses from Defendant Fuqua and Dr. Scholz were incomplete. Plaintiff fails to support his assertion that any response included in his grievance was incomplete. Additionally, whether or not responses

provided by Defendant Fuqua or Dr. Scholz were incomplete does not support Plaintiff's argument that Defendants were deliberately indifferent to a serious medical condition.

5.    *On or about 10-15-06 I submitted the grievance dated 9-13-06 to the grievance officer for further review because I felt that my grievance was not resolved.*

Material and undisputed.  However, the fact that Plaintiff felt his grievance was not resolved does not create a genuine issue of material fact for trial.

6.    *On 10-17-06 The grievance officer Tara going, recommended that my grievance be denied base on the brief incomplete statements of defendant's D. Fuqua and Dr. Schulz. (Sic).*

Material and disputed.  Defendant Goins reviewed Plaintiff's grievances dated September 13, 2006 and December 12, 2006.  Plaintiff has no evidence that the statements provided by Defendant Fuqua and Dr. Scholz were incomplete.  Furthermore, as a non-medical professional, Defendant Goins was entitled to rely on the judgment of medical professionals when recommending an inmate grievance be upheld or denied.  The fact that Defendant Goins did recommend Plaintiff's grievance not be upheld does not constitute deliberate indifference to Plaintiff's dental care or needs.

7.    *On 10-6-06 I submitted an emergency grievance to the Warden, defendant, R. Zimmerman Claiming that I was being denied dental treatment and that my rights were being violated and he declared it not to be an emergency.*

Material and undisputed.

8.    *On 12-12-06 I submitted another emergency grievance that was reworded but said same things to defendant, R. Zimmerman and it was declared to be an emergency.  (Sic).*

Material and undisputed.

9.    *The grievance submitted 12-12-06 and declared an emergency was reviewed by defendant Tara going and was denied based on her findings.  (Sic).*

Material and undisputed.

3

*10.  Shortly after that I sent the grievance to Springfield (A.R.B.) And it was further denied.*

Material and undisputed.

*11.  Contrary to the defendants affidavit's I did not receive any treatment at that time. (Sic).*

Material and disputed.  Aside from Plaintiff's claim failing to provide any dates as to when he did not receive treatment, Plaintiff's medical records indicate that he did receive medical care during the times alleged in his complaint.  Plaintiff was seen in the dental unit on July 5, 2006, August 6, 2006, and October 3, 2006 (Defendants' Motion for Summary Judgment, Exhibit D, ¶6).  Plaintiff offers no support for his argument that he did not receive medical care during this time period, because this information does not exist.  Therefore, there are no genuine issues of material fact to be resolved at trial.

*12.  The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial entitle me to judgment, as explained in the brief submitted with this declaration.  (Sic).*

Immaterial and disputed.  Plaintiff cannot support his argument that genuine issues of material fact remain and that he is entitled to judgment in his favor.

**PLAINTIFF'S ADDITIONAL MATERIAL FACTS IN COURT DOCUMENT 42**

*1.  Whether the Plaintiff's filed grievances pointing out his medical problems.*

Immaterial.  Plaintiff's medical opinions documented in his grievances cannot support his argument that Defendants were deliberately indifferent to any serious medical condition.  Furthermore, Plaintiff has no evidence that his gingivitis constituted a serious medical condition.

*2.  Whether the Plaintiff grievances asserted that his constitutional rights were being violated.*

Immaterial. Again, Plaintiff's non-medical opinion set forth in his grievances as to the dental care he was provided does not lead to the conclusion that his constitutional rights were violated by Defendants.

3.    *Whether the plaintiff received any medical attention during the period that he filed complaints regarding denial of medical care.*

Immaterial and disputed. As stated above and in Defendants' Motion for Summary Judgment, Plaintiff received medical care and treatment during the times alleged in his complaint. The fact that Plaintiff was dissatisfied with the treatment he received does not constitute deliberate indifference to a serious medical condition.

## ARGUMENT

**Plaintiff still fails to have proven an Eighth Amendment violation for deliberate indifference.**

Plaintiff claims in his Brief in Opposition to Defendant's Summary Judgment Motion (Doc. 41) that a genuine issue of material fact remains as to his claims regarding deliberate indifference. Plaintiff includes a statement of facts and cites to an affidavit that is not attached to any of his three pleadings in response to Defendants' Motion for Summary Judgment. Plaintiff provides no argument as to Defendant Walker's lack of personal involvement in Plaintiff's claims. Furthermore, Plaintiff asserts that the Defendants did not address the issue of Plaintiff allegedly being denied medical treatment. Plaintiff grieved the issue of his dental treatment, and received responses to those grievances. The fact that Plaintiff was dissatisfied with the results of his grievances does not constitute deliberate indifference on the part of Defendants. Plaintiff offers no evidence to support his arguments that Defendants were deliberately indifferent to a serious medical need, that Plaintiff suffered from a serious medical need, or that Defendants knew of a risk of serious

harm to Plaintiff and failed to act.  As such, no genuine issues of material fact remain, and Defendants respectfully request summary judgment be entered in their favor and against Plaintiff.

        Respectfully submitted,

        MELODY FORD, DEBORAH FUQUA, TARA GOINS, STEVEN VANSTRIEN, ROGER E. WALKER, JR., and ROGER ZIMMERMAN,

          Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois

By:  s/ Ellen C. Bruce
     Ellen C. Bruce, #6288045
     Assistant Attorney General
     Attorney for Defendants
     500 South Second Street
     Springfield, Illinois  62706
     Telephone:  (217) 782-9026
     Facsimile:   (217) 524-5091
     E-Mail:  ebruce@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL STEVENSON, Inmate #N93569, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. SCHOLZ, et al., ) <br> ) <br> Defendants. ) | No. 07-3108 |

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on April 24, 2008, I electronically filed Defendants' Reply to Plaintiff's Response with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Theresa Powell
    tpowell@hrva.com

and I hereby certify that on April 24, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

    Michael Stevenson, #N93569
    Illinois River Correctional Center
    Route 9 West
    Post Office Box 1900
    Canton, Illinois  61520

    Respectfully Submitted,
     s/ Ellen C. Bruce
    Ellen C. Bruce, #6288045
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 782-9026
    Facsimile:   (217) 524-5091
    E-Mail:  ebruce@atg.state.il.us