IN the United States District Courts for the central District of Illinois Springfield Division

Michael Stevenson,
    Plaintiff,
    vs.
Dr. Scholz, et al.,
    Defendant.

No-07-3108

FILED
MAY 19 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## Declaration in opposition to Defendant motion for Summary Judgment

Michael Stevenson declares under penalty of perjury:

1. I am the Plaintiff in the above entitled case. I make this declaration in opposition to defendant motion for Summary Judgment on my claim of cruel and unusual Punishment arising from deliberate indifference to my serious medical need.

2. The defendant's affidavit claim in summary that he provided care and treatment to the Plaintiff, and that he provided this care and treatment based on the American Public Health Association based categorization of Dental Patient. (APHA). Dr. Scholz claim that Plaintiff's Dental Problems were

not emergent and did not require immediate treatment.

3. The defendant is not entitled to summary judgment because there are genuine issues to be resolved at trial. These issues are identified in the accompaning statement of undisputed factual issues filed by the Plaintiff pursuant to Local Rule 7.1 of this District court. The facts are set out in this declaration.

4. On July 5 2006 I went to dental sick call complaining that my teeth and gums were irratating me. At that time I was dianosed, by Dr. Scholz, as having moderate gingivitis, and given oral Health instructions. Exhibit A

5. On Sept. 6 2006 I Returned to the dentist and informed him that my problem has worsen and that food is now getting packed between my teeth due to my gums being inflamed. Agin oral health instructions were given. ~~[scribbled out]~~ I asked if I could have my teeth clean and was informed by Dr. Scholz

that there was no dental hygienist to clean teeth. Exhibit A

6. On Sept. 13 2006 I filed a grievance outlining that my teeth bleed and that my gums were swollen and that the dentist refuses to do any thing to correct my problem. Exhibit B

7. On Oct. 3 2006 I went back to the dentist upon my request and him to do something for me. I made a second request for cleaning and Dr. Scholz suggested that I ask for a transfer to a facility that could address my dental needs. Exhibit A

8. Two days later Dr. Scholz informed, defendant, Vanstrien, that there was no need for outside consult, while reviewing my grievance dated Sept. 13 2006. Exhibit B

9. I later filed more grievances regarding my gingivitis probles and informed the grievance officer, Defendant Tara Goins, that I was being denied dental treatment and she contacted Dr. Scholz who informed her that my

were not emergant. Exhibit C

10. On Dec. 19 2006 Dr. Scholz call for me out of the housing unit, after hearing and responding to my grievance, claiming that I was being denied dental treatment, and look at my teeth and gums to which he upgraded my gingivitis from moderate to chronic and gave oral health instruction again. Exhibit A

11. Then on July 31 2007, Dr. Scholz determined that deep scailing and root planing was necessary. Exhibit A

12. On Aug. 8 2007 Dr. Scholz preformed deep scailing and root planing and noted that he would redo in six (6) months.

13. After doing deep scailing and root planing, Dr. Scholz found that I responded well to treatment.

14. Contrary to the defendants' affidavit during these events I did not recieve treatment entile a little more than a year after my first complaints

The forgoing Factual allegations create a genuine issue of material fact and if proved at trial entitle me to judgement as explained in the brief submitted with this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Michael Stevenson
N-93509
May 8 2008

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| APR 2 1 2005 | [illegible] | | 12/19/06 1:35 PM | Clean floss w/gums [illegible] gingivitis etc OHI [illegible] | [signature] |
| 10/15/06 | R to see DDS re bleeding gums, gum, no copay — moderate gingivitis OHI | | 7/3/07 10:45A | Will prep scaling + prot Namenel | [signature] |
| 9/6/06 8:11 AM | THO — no compl — no problem with gums now. Good getting checked w/in them | [signature] | 8/5/07 3:25 PM | Prep Scal/pol open in eno | [signature] |
| | | | | Tetracycline 500mg #30 1 tab day x 10 days | |
| 10/03/06 12:30p | Check Cleanliness C/F not believed to be emergency [illegible] | [signature] | 9/12/07 | Rect'd Tet Byrd 5.5.7 [illegible] 2:57p [signature] | [signature] |
| 10/03/06 1:50p | MSR for moving app Possibly will not [illegible] pass [illegible] | [signature] | 10/10/07 10:45A | Gums look much better | [signature] |
| 10/19/06 2:25am | Responded to a grievance Ct II - Ct II A #04 03 02 Claims terrible area problems and are bleeding but examination is no objective evidence [illegible] | [signature] | 10/24/07 10:15p | Gums look good Tetracycline 500 mg #30 tab 1 day [illegible] | [signature] |
| | | | 1-10-07 | Check NVgi [illegible] | [signature] |

C 7126 (Rev. 10/87) 426-0018  ALL-STATE LEGAL® EXHIBIT A

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

Part #1 of 3

| | | |
|---|---|---|
| Date: 12-12-06 | Offender: (Please Print) Stevenson, Michael | ID# N-93569 |
| Present Facility: Western Illinois | Facility where grievance issue occurred: Western Illinois | |

NATURE OF GRIEVANCE: (Poisoned Blood) Grossly Inadequate Medical Treatment

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report: ___/___/___  Date of Report
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Incomplete Distorted Misinformed Responses/Reports DR 415 violations

Facility where issued: _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Upon entering Western Correctional Center, Grievant immediately submitted numerous request to the Health Care Unit for "Emergency" (dental care). Finally, on 7-5-06 he were called to the dental unit, where he explained and showed his chronic need for immediate medical treatment as his gums were bleeding perfusely with extreme pain and discomforting gum, jaw and head pains. The treatment he received were Grossly inadequate and hurried in "Cursory Behavior". On 8-6-06 Grievant

**Relief Requested:** Immediate Medical/Dental Care provide (Outside Medical/Dental Treatment) Transferred to a facility that is medically/Dentally equipted to provide Grievant's Serious Medical/Dental Treatment.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Stevenson     N-93569     12/12/06
Offender's Signature    ID#      Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature     Date

RECEIVED
DEC 15 2006
OFFICE OF INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

Exhibit B

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)



were called back to the dental unit after more complaints and request submitted, where he once again explained and showed his condition had worsened. He asked at this time if the dentist could or would at least cleanse his teeth (a measure used to prevent further injuries) since no other medical treatments or dental treatments were getting performed. Dr. Schultz denied the request, stating "There's no one employed as a 'Hygienist' here at Western and I don't do cleanings". Grievant asked the Doctor/Dentist "How can you examine my mouth and find as clearly can be seen that I am in dire need of immediate medical/dental treatments yet because Western Correctional Center does not have the mandatory equiptments, nor medical Hygienist I am ignored and not even recommended to an outside care provider." He responded with shrugged shoulders - stating, "that's the way Western does things". I were asked to leave and if I experience more pains and problems put in a request. Once again, grievant submitted a request slip as suggested. The chronic pains, headaches and ability of not being able to eat were unbearable. Finally, on 10-3-06 Dr. Schultz called grievant to the dental unit, where he examined his gums and teeth informing him "There's nothing we are equipted to perform with your serious condition. Unfortunately, however, I suggest you put in for a facility transfer to get the treatments you so desperately need." Grievant asked "why won't Western just take me to an outside hospital or dental center; Dr. Schultz stated, "I doubt that our budget will allow this", grievant states, "Oh so the whole ordeal is not so much equiptment or Hygienist or you can't perform my treatments. It's a budget concern. How can you overlook deliberately my bleeding gums, notice the severe agonizing pains, headaches and mouth discomforts I'm experiencing over this long period of time and only be concern with how much money to spend". Dr. Schultz asked me to leave, stating again, "Submit for a Transfer to get Better Dental Treatments." Grievant continued to seek remedy for his serious medical dental condition; however, denied any more responses. Therefore, he were forced to make a formal complaint through IDOC 504 grievance procedures. On 9-13-06 grievant submitted his complaint to Clinical Services against the nature of medical treatment. He explained that

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Part #2 of 3

| | | |
|---|---|---|
| Date: 12-12-06 | Offender: (Please Print) Stevenson, Michael | ID#: N-93569 |
| Present Facility: Western Illinois | Facility where grievance issue occurred: Western Illinois | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____
- [ ] Disciplinary Report: ___/___/___
  Date of Report         Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** he had been examined (twice) by Dr. Schottz, who noted the serious bleeding and gum problems he were suffering. Grievant explained in his complaint/grievance of 9-13-06 also, how Dr. Schottz denied any medical-dental treatment, and preventive measures; such as cleaning his teeth/gums that would prevent further injuries; (degenerative gums and tooth decay — painfull, swollen gums, inflammed gums — teeth loosening with profuse bleeding, and uncontrollable headaches). On 10-5-06 a response

**Relief Requested:** See front page #1 of 3

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Stevenson    N-93569    12/12/06
Offender's Signature       ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

RECEIVED
DEC 15 2006
OFFICE OF INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

were made per: Counselor Van Strien who reported that Health Care Administrator Deborah Fuqua stated "I/m was seen on 10-3-06. Cleanings (basic) are not performed at WICC due to no dental hygienist. Dentist states no need for outside consult." (End of his response/Report)

On 10-15-06 / 10-18-06 grievance officer Tara Goins made a response/report identical to the response/report of Clinical Service Counselor Van Strien (See G/O Report), making a Recommendation grievants grievance be denied. Warden Roger Zimmerman concurred 10-18-06.

These acts are deliberately committed in a sufficiently culpable state of mind. Each denial and distorted, incomplete response/report constitutes a violation(s) of grievant's guaranteed constitutional rights as an inmate in the Illinois Department of Corrections. These deliberate acts blatantly violate the established Laws of IDOC Medical DR 415. Each Administrator in their proper protocol were, have and continues to be made aware of the serious medical/dental need. They have, and continue to be made aware of the failures to provide emergency medical-dental treatments (including the urgent necessity to have an outside medical/dental provider treat grievants serious condition. Each Administrator have and continues to be made aware how these denials have and continues to cause unwanton inflictions of pains - bleedings - headaches and degenerative gums; however, Each one; (Warden Zimmerman = Health Care Administrator Deborah Fuqua = Dr. Scholtz the Dentist) have made their own Rules against those established Government and State Law, for inmates of IDOC, grievant included, to deny him treatment for serious medical/dental conditions needing immediate attention.

In addition, how could the Health Care Administrator make any type of statement as depicted, as she only chose to report to the counselor Van Strien 10-5-06. (the third visit grievant were examined by Dr. Scholtz). Why did she not provide a complete report as the procedures of IDOC medical/dental DR 415 request mandatory. In addition, the medical Records of grievants file are totally incomplete as to accurate reportings of all dental visits he were examined by Dr. Scholtz, from the first visit of 7-5-06

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Part #3 of 3

Date: 12-12-06
Offender (Please Print): Stevenson, Michael
ID#: N-93509
Present Facility: Western Illinois
Facility where grievance issue occurred: Western Illinois

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____
- [ ] Disciplinary Report: ___/___/___
  Date of Report       Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** 8-6-06 the second; prior to 10-3-06 the only visit/examination Deborah Fuqua reported to the counselor for response to grievant's grievance. These at best are continued acts of Dexterity. Grievant's serious medical condition warrants an immediate outside care providers treatment, for his gums are inflamed with excruciating pains, discomfort, and headaches. It must be noted in the grievance officer's and counselor's responses they each reported what Deborah Fuqua said, not the

**Relief Requested:** See front page #1 of 3

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Stevenson     N-93509    12,12,06
Offender's Signature    ID#      Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name      Counselor's Signature      Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Master File; Offender       Page 1       DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

RECEIVED
DEC 15 2006
OFFICE OF INMATE ISSUES

GR#3

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

Doctor/Dentist, stating "Dentist states no need for outside consult." Where's the written report of Dr. Scholtz who actually examined grievant, not Deborah Inguia. It appears the Dentist has no authority in decision; however if you'd examine the report he wrote 10-3-06, he recorded he suggested I get a transfer to a facility best equipped to accommodate my medical/dental condition.

Once a prison official(s) is aware of a "Serious Medical/Dental Need or Condition") and is diagnosed of the same, yet denials and delays are committed intentionally (regardless of a budget interest) these acts are constitutional violations of both State and Federal Laws. This is deliberate indifference and must be corrected and treated medically immediately without bias or retaliation.

Therefore, grievant request all the above be immediately remedied and medically treated, including a facility transfer for the purpose of medical equipment and provisions, as Dr. Scholtz has suggested to prevent further degeneration of gums, teeth decay, headaches, swollen and inflamed gums, which cannot be treated at Western Corr. Ctr. due to budget, lack of equipment and dental hygienist.

Medical (DR 415) Dental = Determine the issue:
(1). (grievant has not received dental care).
(2). (Contact HCU Admin. — She was, — made incomplete report)
(3). (grievant is in compliance with IDOC procedures).
Yet denied Serious Medical Treatment for Dental Needs.

In addition, let it be noted, Each dentist report of 7-5-06/ 8-6-06/ 10-3-06 were incomplete to all the facts and discussions between Dr. Scholtz and Grievant. Dr. Scholtz misinformed the records as to (all) the facts and only reported a very small amount of evidence he personally examined on each of grievant's dental visits that would appear no need to remedy or properly treat. Why? Yet made a recommendation for Facility Transfer to get Adequate Dental Care. (SEE ATTACHED RECORDS)

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

### Grievance Officer's Report

Date Received: December 13, 2006     Date of Review: December 28, 2006     Grievance # (optional): 06-0898E

Offender: Michael Stevenson     ID#: N93569

Nature of Grievance: Inmate is grieving medical treatment-dental.

Facts Reviewed: Emergency Grievance. Inmate's grievance reviewed. Inmate states that he has been requesting to receive emergency dental care. Inmate states that on 7-5-06 he was called to the dental unit and explained his needs. Inmate states he was seen again on 8-6-06 and asked for a cleaning and was informed that WICC does not have a dental hygienist. Inmate states he was seen again on 10-3-06 and Dr. Scholz informed him there is nothing that can be done at WICC and suggested inmate request a transfer to get appropriate medical attention. Inmate states he needs to be seen by an outside specialist since WICC can not give the necessary medical treatment needed. Inmate requests to have immediate medical/dental care provided (outside medical/dental treatment), transferred to a facility that is equipped to provide medical/dental treatment.

Dr. Scholz's response dated 12-19-06 reviewed. He states that IDOC uses the American Public Health Association categorization of Dental Patients (Administrative Directive 04.03.102). Category I being emergency and most severe and category VI being no symptoms or dental treatment needed. In my examination of Mr. Stevenson he appears to fall between category II and category III. Mr. Stevenson problems are not emergent. He has a chronic gingivitis which is generalized, usually a relatively painless gum chronic infection of long standing with some bleeding. Headaches are not addressed by the dental unit but by the physician.

According to OTS, inmate is eligible to request a transfer through his counselor as he has been at WICC for 6 months.

Recommendation: Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be denied.

Tara Goins
Print Grievance Officer's Name

Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 12-28-06     ☑ I concur.     ☐ I do not concur     ☐ Remand

Comments:

Chief Administrative Officer's Signature     12-28-06 Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Stevenson, Michael L.     N-93569     1-4-07
Offender's Signature     ID#     Date

cc: HCU

Distribution: Master File; Offender; AW Programs     Page 1     DOC 0047 (Rev. 3/2005)
Printed on Recycled Paper

Exhibit B

05415-R4178
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL STEVENSON, N93569,        )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 07-3108-HAB-CHE
                                  )
SCHOLZ, R. ZIMMERMAN, RODGER E.   )
WALKER, JR., MELODY FORD, D.      )
FUQUA, TARA GOINS, and VAN STRIEN.)
                                  )
            Defendants.           )

## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

NOW COMES the Defendant, ROBERT SCHOLZ, D.D.S., by his attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for his Response to Plaintiff's Request for Admissions, states:

1. Please admit that the Plaintiff was seen by you on 7-5-06.

**RESPONSE: Defendant admits that Plaintiff was seen by him on July 5, 2006.**

2. Please admit that you diagnosed the Plaintiff as having moderate gingivitis.

**RESPONSE: Defendant admits that he diagnosed Plaintiff as having moderate gingivitis.**

3. Please admit that the Plaintiff complained of further problems with his gums on 9-6-06.

**RESPONSE: Defendant admits that Plaintiff continued to complain of his gingivitis symptoms on September 6, 2006.**

4. Please admit that on 10-3-06 the Plaintiff requested to have his teeth cleaned.

**RESPONSE: Defendant admits that Plaintiff requested to have his teeth cleaned on October 3, 2006.**

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4178
TMP/ej

  5. Please admit that the complaints listed in Item 3 and 4 of this request are linked to the dianoses (sic) given in Item 2.

**RESPONSE: Defendant admits that gingivitis can cause inflammation of the gums. Defendant also admits that a professional teeth cleaning is one means of addressing gingivitis. Defendant objects to the vague inference of problems with gums as the specific complaints are not identified. However, Defendant admits that Plaintiff did make complaints regarding his gums.**

  6. Please admit that from 7-5-06 to 10-3-06 you took no action to ensure that Plaintiff receive treatment.

**RESPONSE: Defendant admits that Plaintiff has not received treatment for gingivitis. There is no one employed to provide professional teeth cleanings at the Western Illinois Correctional Center. Defendant does not provide professional teeth cleaning to inmates at the Western Illinois Correctional Center as the inmates at Western have serious dental needs which must be addressed first.**

  7. Please admit that you suggested that the Plaintiff ask for a transfer to a facility that could meet the Plaintiff's needs.

**RESPONSE: Defendant admits that he suggested that Plaintiff ask for a transfer to a facility that has staff available to provide teeth cleanings.**

  8. Please admit that on or about 10-5-06 you informed V. Strien that there was no need for outside consult concerning the Plaintiff's dental problems.

**RESPONSE: Defendant admits that he did not consider Plaintiff's condition to be emergent or in need of an immediate referral to an outside specialist. It was Defendant's opinion that**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-R4178
TMP/ej

**Plaintiff needed someone to clean his teeth to address his problems. This does not require the expertise of an outside specialist.**

9.  Please admit that the failure to provide treatment to the Plaintiff's gum disease presents an increased risk of heart disease, stroke, tooth loosening and/or tooth lose to him.

**RESPONSE: Defendant denies that the failure to provide treatment to Plaintiff's current status of gingivitis put him at an increased risk of heart disease, stroke, tooth loosening, or loss of his teeth. However, Defendant would admit that if Plaintiff's gingivitis is allowed to progress for a couple of years, it may place Plaintiff at increased risk of developing those conditions.**

ROBERT SCHOLZ, D.D.S., Defendant,

BY: *Theresa Powell*

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-R4178
TMP/ej

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF _____)

## AFFIDAVIT

I, **ROBERT SCHOLZ, D.D.S.**, being first duly sworn upon my oath, depose and state that I have read the foregoing document and that all the matters contained herein are true, accurate, and complete in accordance with the Request to the best of my information, knowledge and belief.

_____
ROBERT SCHOLZ, D.D.S.

Subscribed and sworn to before me this
24th day of September, 2007.

_____
Notary Public

OFFICIAL SEAL
JANET K. ANDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-19-2010

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-R4178
TMP/ej

## PROOF OF SERVICE

THE UNDERSIGNED certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing same in an envelope with postage prepaid, and by depositing said envelope in a United States Post Office mail box in Springfield, Illinois, on October __1__, 2007, addressed to such attorneys at their business address as disclosed by the pleadings of record herein.

BY: _/s/ Theresa Powell_
HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

Copies to:

Michael Stevenson, N93569
Western Illinois Correctional Center
Inmate Mail/Parcels
R. R. #4, Box 196
Mt. Sterling, IL  62353

Ms. Ellen Bruce
Illinois Attorney General's Office
500 South Second Street
Springfield, IL  62706


HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

STATE OF ILLINOIS    SS
COUNTY OF            IN THE

United States District Court
Central District of Illinois

Michael Stevenson )
~~Respondent~~ Plaintiff )
) CASE NO. 07-3108
vs )
Dr. Scholz et al. )
Defendant

NOTICE OF FILING

TO: Clerk of court   TO: _____   TO: _____

1 Original & ___ copy    ___ copy(ies)    ___ copy(ies)

PLEASE TAKE NOTE that on the __8__ day of __May__ __2008__, I have filed, through the U.S. Mail, with the above named parties, the below listed documents (number of copies & originals filed are listed below the addresses of the parties):

1) Declaration in opposition to defendant motion for summary judgment
2) Response to Defendant material facts claim to be undisputed
3) _____
4) _____
5) _____
6) _____
7) _____
8) _____

AFFIDAVIT OF SERVICE

I, Michael Stevenson, being first duly sworn on oath, deposes and avers that he/she has caused the above stated documents in the above stated amounts, to be served upon the above listed parties by placing the same in the U.S. MAIL BOX on Housing Unit # 1 located at Ill. River Correctional Center in Canto, IL for delivery as 1st Class Mail.

s/s Michael Stevenson
NAME: Michael Stevenson
IDOC Reg. No. N-93569

Subscribed and sworn to before me this ___ day of _____, ____.

_____
NOTARY PUBLIC

Revised Jan 2002